IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Morris J. Warren,** ) | |
|     **Petitioner,** ) | |
| ) | |
| v. ) | 1:15cv935 (JCC/JFA) |
| ) | |
| **Louis W. Winn, Jr.,** ) | |
|     **Respondent.** ) | |

## MEMORANDUM OPINION

Morris J. Warren, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the most recent denial of parole by the United States Parole Commission ("USPC"). Respondent filed a Motion for Summary Judgment on December 7, 2015 and petitioner has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion for Summary Judgment must be granted, and final judgment will be entered in his favor. Petitioner's pending "Motion as that of Supplemental New and Adverse and Diverse Documents" will be granted, and the information included by petitioner in this Motion has been considered by this Court in reaching its decision.

### I. Background

Petitioner is presently in custody based upon his convictions for kidnapping while armed, rape, and assault with intent to commit sodomy. Warren v. United States, 515 A.2d 208, 209 (D.C. 1986). At the time of his criminal acts in Washington, D.C., petitioner was on parole under a Youth Corrections Act sentence for robbery and assault. See Dkt. No. 18, REX 1, 2. The Superior Court of the District of Columbia sentenced petitioner to five terms of imprisonment, including two sentences of ten years to life on each of the two rape charges,

followed by a consecutive sentence of five to fifteen years on one of the kidnapping counts. Dkt. No. 18, REX 1.

Petitioner was separately convicted in Maryland Circuit Court for Calvert County of first degree murder, assault with intent to murder, attempted robbery with a deadly weapon, and use of a handgun during the commission of a crime of violence. Warren v. State, 350 A.2d 172 (Md. Ct. of Spec. App. 1976). The State of Maryland has lodged a detainer against petitioner to serve a life sentence for these convictions. See Dkt. No. 18, REX 1 at 3.

Petitioner has repeatedly challenged his convictions. See Warren v. U.S. Parole Comm'n, 145 F. App'x 715, 716 (3d Cir 2005). In his present motion he again asserts that he "did not rape, kidnap, sodomize, beat or rob none of the 3 victims." Dkt. No. 5 at 4.

The D.C. Parole Board conducted an initial parole hearing regarding petitioner on May 2, 1995, and it issued an order denying parole. Dkt. No. 18, REX 2. The USPC[1] conducted rehearings on April 18, 2000, March 11, 2003, April 14, 2004, March 28, 2005, and May 3, 2006, and after each hearing, the USPC entered an order denying parole. Dkt. No. 18, REX 3 (Notices of Action dated June 15, 2000, March 20, 2003, May 11, 2004, April 18, 2005, and May 18, 2006). The Notices of Action entered by the USPC cited a variety of reasons for denying petitioner's parole, including that he had committed his violent crimes while on parole, that he was separately convicted of robbery and murder in Maryland, that he lacked remorse for his crimes, and that he failed to participate in counseling or sex offender treatment programs. Id.

After USPC hearings on October 29, 2009 and October 22, 2010, the USPC continued petitioner to a presumptive parole on October 29, 2012, which would allow him the opportunity to participate in the Bureau of Prisons' Sex Offender Treatment Program. Dkt. No. 18, REX 5.

---

[1] Since 1997, the USPC has been charged with conducting parole hearings for D.C. Code offenders after Congress abolished the D.C. Board of Parole.

2

After a hearing on October 26, 2011, the USPC rescinded petitioner's presumptive parole date of October 29, 2012, and continued for a rehearing in October 2014, citing that petitioner had failed to participate in sex offender treatment. Dkt. No. 18, REX 6. The USPC again recommended that petitioner participate in the sex offender treatment program available to him. Id.

On October 7, 2014, the USPC conducted a hearing and subsequently ordered that parole be denied. Dkt. No. 18, REX 7. The USPC specifically found:

> The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are a more serious parole risk than shown by your point score because since your last hearing you have not completed any significant programs to address your offense behavior. You need to participate in and complete the Residential Sex Offender Treatment Program offered by the BOP to address your offense behavior and to lessen your risk to the community if released. Your need for programming to remain crime-free in the community is an essential part of your release planning.

Id. Petitioner filed the instant petition for a writ of habeas corpus in the District of Arizona on November 24, 2014, seeking to challenge the latest denial of his parole. Dkt. No. 1. He filed an amended petition, which is the instant petition in this case, on March 6, 2015. The case was transferred to this district on July 20, 2015, after petitioner was transferred to FCI Petersburg in the Eastern District of Virginia. Dkt. No. 13.

In his amended petition, petitioner presents four grounds challenging the denial of his parole. He claims:

> 1. The USPC violated the Ex Post Facto and Cruel and Unusual Punishment Clauses of the United States Constitution. Specifically, he claims that his co-defendant, who raped, sodomized, kidnapped, beat, and robbed seven women, was granted parole in 1989, while he, who had not done such things and who has been a model inmate, was deemed to be more dangerous, ordered into a treatment program, and denied parole.
> 2. The USPC violated the Ex Post Facto Clause because the USPC acted outside the guidelines, denying his parole despite the fact that he had received three model inmate awards.

3

3. The USPC violated his right to due process by subjecting him to programming and treatment under the Walsh Act "without court appointment."

4. Petitioner has already served his minimum sentence, and he is therefore eligible for parole under the D.C. Code; however, he has been wrongfully denied.

Dkt. No. 5 at 4-7.

## II. Standards of Review

A. Federal Rule 56

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment as a matter of law is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Celotex, 477 U.S. at 324 (quoting Rule 56(e)) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'"). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Therefore, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587.

### B. Judicial Review of Parole Decisions

"Judicial review of parole decisions is extremely limited." Harry v. Stansberry, No. 1:10cv1337, 2012 WL 27437, at *4 (E.D. Va. Jan. 4, 2012) (Cacheris, J.). The Fourth Circuit has explicitly held that "the Parole Act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). The USPC's "parole determination is only reviewable if the Commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination." Harris, 2012 WL 27437, at *4 (citing Garcia, 660 F.2d at 988). Moreover, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Additionally, the District of Columbia parole statute does not create any liberty interest entitled a prisoner to due process protections. Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C. Cir. 1998).

### III. Analysis

<u>Claims 1 and 2</u>

In Claims 1 and 2, petitioner asserts that the USPC violated the Ex Post Facto and Cruel and Unusual Punishment Clauses of the Constitution by denying him parole. The Ex Post Facto Clause prohibits retroactive application of a law that increases the punishment for a crime that an individual has already committed. <u>Collins v. Youngblood</u>, 497 U.S. 37, 42 (1990). In the context of parole, the Supreme Court has held that the retroactive application of a changed parole regulation only violates the Ex Post Facto Clause where a new regulation creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000). Thus, a petitioner in the parole context, bringing an ex post facto challenge must show that a changed parole regulation was retroactively applied against him and that this change in regulation created a sufficient risk of increasing the measurement of punishment.

In this case, petitioner has made no allegations or showings that his punishment was altered or extended by any change of parole regulation, and he does not allege that any law is being applied to him retroactively. <u>See</u> Dkt. No. 5 at 4-5. Other than using the phrase, "ex post facto," there is nothing in his petition to suggest that there is any ex post facto issue at play.[2] Rather, petitioner only alleges that the USPC wrongfully decided to depart from the guidelines to deny him parole. This discretionary determination does not involve any retroactive changes in law and does not implicate the Ex Post Facto Clause; thus, petitioner has failed to meet his burden under <u>Garner</u>, and his ex post facto claims must be dismissed.

---

[2] Petitioner appears to mistakenly believe that because the USPC considered his conduct in prison in reaching its decision to deny parole, the USPC's consideration somehow violates the Ex Post Facto Clause.

6

The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits punishment that is grossly disproportionate to the severity of the crime committed. See generally Harmelin v. Michigan, 501 U.S. 957 (1991); Gregg v. Georgia, 428 U.S. 153 (1976). However, the USPC's denial of parole does not constitute imposition of a sentence. Morrissey v. Brewer, 408 U.S. 471, 480 (1972). Because the USPC has not imposed punishment on petitioner, must less punishment that is considered grossly disproportionate to the crimes he has committed, petitioner's Eighth Amendment claim fails. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Denial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment."). Therefore, there is no genuine issue as to any material fact under Claims 1 and 2, and petitioner is not entitled to habeas relief under either claim.

Claim 3

Petitioner appears to assert that the application of the Adam Walsh Act against him "without court appointment" violates his due process rights. Dkt. No. 5 at 6. USPC recommended that petitioner participate in the sex offender treatment program; however, the USPC has never applied the Adam Walsh Act against petitioner. The program recommended by USPC is not statutorily mandated and has been recommended to him because he was convicted of multiple sexual assault offenses, including multiple accounts of rape and sodomy. Since there is nothing in the record suggesting that the USPC has applied the Adam Walsh Act to the petitioner in any way, he is not entitled to relief.

Additionally, petitioner has not presented any evidence that he was deprived of any constitutionally protected liberty interest, which is a required element for any due process claim. Tigrett v. Rector & Visitors of Univ. of Virginia, 290 F.3d 620, 628 (4th Cir. 2002) ("In order to

properly maintain a due process claim, a plaintiff must have been, in fact, deprived of a constitutionally protected liberty or property interest."). Because parole is completely discretionary under the D.C. guidelines, courts have repeatedly held that there is no constitutionally protected liberty interest in parole. Blair-Bey, 151 F.3d at 1047. It is the USPC's sole responsibility to determine whether petitioner should be released on parole, and petitioner has no due process claim where the USPC exercises its discretion to deny him parole; thus, he is not entitled to federal habeas relief under this claim.

Claim 4

Although petitioner's claim is difficult to decipher, it appears that he believes he is entitled to parole because he has served his minimum sentence. In accordance with D.C. Code ¶ 24-404(a), the Commission is authorized to "release a prisoner on parole in its discretion" after the prisoner has served the minimum term of sentence imposed if the following criteria are met: (1) the prisoner has substantially observed the rules of the institution; (2) there is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and (3) in the opinion of the Commission, the prisoner's release is compatible with the welfare of society. See 28 C.F.R. § 2.73. As noted previously, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of the valid sentence." Greenholtz, 442 U.S. at 7; see also Price v. Barry, 53 F.3d 369, 371 (D.C. Cir. 1995) ("[T]he District of Columbia Code under no circumstances compels the Board to grant a prisoner release."). Clearly, the decision whether to grant parole is discretionary, and the USPC determined that petitioner did not meet the criteria for granting parole. See Dkt. No. 17, REX 7. The fact that petitioner was eligible for parole is irrelevant because he has no entitlement to such parole; thus, under Claim 4, he is not entitled to federal habeas relief.

8

## IV. Conclusion

For the above-stated reasons, respondent's Motion for Summary Judgment will be granted, and this petition will be dismissed, with prejudice. Respondent's Motion to Dismiss will be denied, as moot. An appropriate order shall issue.

Entered this 5th day of April 2016.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge